UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

OCT 1 7 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

FITZGERALD SCOTT,
8704 N. Brooks St.
Tampa, FL 33604,

)
)
)
)
)
)
)
)
)

Judge _____
Civil Action No. _____

     PLAINTIFF

vs.

UNITED STATES,

     DEFENDANT

Case: 1:12-cv-01696
Assigned To : Jackson, Amy Berman
Assign. Date : 10/17/2012
Description: PI/Malpractice

_____ )

## COMPLAINT

### THE PARTIES

1.    Plaintiff Fitzgerald Scott is a citizen of Florida. Mr. Scott served in the United States Marine Corps from 1989-1992 and earned a Master's degree in urban planning from the University of Illinois at Chicago. Mr. Scott has worked as a city planner for the city of Clearwater, FL.

2.    Defendant United States employs Pfc. Justen Freeman, the United States Supreme Court Police officer who arrested Mr. Scott. Pfc. Justen Freeman was acting within the scope of his employment with the United States in arresting Mr. Scott.

### JURISDICTION AND VENUE

3.    This action arises under the Federal Tort Claims Act.

4.    This Court has jurisdiction over the parties and subject matter pursuant to 28 USC § 1346(b).

**RECEIVED**

SEP 2 4 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

1

5. Venue is proper in this district pursuant to 28 USC § 1402(b) because the events or omissions giving rise to this action occurred in the District of Columbia

## STATEMENT OF FACTS

6. On January 20, 2012, Mr. Scott entered the United States Supreme Court building, along with several acquaintances, to look at some of the exhibitions that were on display.

7. When Mr. Scott entered the building, he removed his coat and jacket, but while looking at the exhibits, he put his jacket back on.

8. Mr. Scott's jacket had the words "Occupy Everywhere" painted on it.

9. A Supreme Court Police officer told Mr. Scott that he could not wear his jacket inside the building. In response, Mr. Scott put his coat on over the jacket so that the words written on the jacket were no longer visible.

10. Mr. Scott looked at several more exhibits and while looking at an exhibit about slavery, took his coat off.

11. A male U.S. Capitol Police officer approached Mr. Scott and asked if he could talk to him. The officer told Mr. Scott that his jacket was "a sign, a demonstration basically."

12. At no point was Mr. Scott carrying a sign or demonstrating inside the United States Supreme Court building.

13. The officer told Mr. Scott that he could wear his jacket outside on the public sidewalk, but "in here you cannot." The officer told Mr. Scott that he could leave or take the jacket off, or else be placed under arrest for unlawful entry.

14. Mr. Scott told the officer that he did not understand and asked what the definition of "unlawful entry" was.

15. The officer said "I'm the authority here," and told Mr. Scott that he needed to take off the jacket or leave, and that if he did not leave, he would be placed under arrest for unlawful entry.

16. In truth and in fact, the U.S. Capitol Police officer was not lawfully in charge of the property and had no authority to demand that Mr. Scott leave.

17. The U.S. Capitol Police officer asked Mr. Scott if he was going to leave and Mr. Scott said that he did not understand. The officer asked Mr. Scott if he understood and Mr. Scott said, "No, I don't understand."

18. Pfc. Freeman asked Mr. Scott to place his hands behind his back, which he did. Pfc. Freeman then arrested Mr. Scott.

19. Mr. Scott was given notice to appear in Superior Court on the charge of Unlawful Entry.

20. The United States Attorney's office subsequently dismissed the charge against Mr. Scott.

## COUNT I:
## FEDERAL TORT CLAIMS ACT

21. This Count realleges and incorporates by reference paragraphs 1-20.

22. Mr. Scott filed an administrative tort claim with the Supreme Court of the United States which was received on April 25, 2012. In a letter dated September 20, 2012, the Supreme Court denied in full Mr. Scott's claim for damages in connect with his arrest on January 20, 2012.

23. The United States is liable for the false arrest and imprisonment of Mr. Scott because Pfc. Freeman arrested Mr. Scott without probable cause.

24. There was no probable cause to arrest Mr. Scott because the U.S. Capitol Police officer who directed Mr. Scott to leave was not a lawful occupant or person lawfully in charge of the property; Mr. Scott had lawful authority to remain on the property; Mr. Scott did not know that he was remaining on the property against the will of the person lawfully in charge of the premises; Mr. Scott did not refuse to leave; there was no additional, specific factor establishing Mr. Scott's lack of authority to remain; and Mr. Scott's jacket constituted "pure speech" protected under the First Amendment.

25. Neither Pfc. Freeman nor the U.S. Capitol Police officer subjectively believed that there was probable cause to arrest Mr. Scott for any other crime.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Award Plaintiff compensatory damages in an amount to be determined at trial;

(2) Expunge all records of Plaintiff's illegal arrest;

(3) Grant Plaintiff such other and further relief which the Court deems proper.

Respectfully Submitted,

*[signature]*

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213

*Counsel for Plaintiff*